UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:16-CR-295-T-35AEP

ANDREW MORCOMBE
_______________________________/

**ORDER GRANTING TRAVEL TO CONDUCT RULE 15 DEPOSITIONS**

THIS CAUSE is before the Court on Defendant's Unopposed Motion to Travel and Conduct Rule 15 Depositions to Perpetuate the Testimony of Defense Witnesses in the United Kingdom, United Arab Emiarates and Australia (Dkt. No. 134) ("Motion"), which was supplemented by Defendant regarding the expenses and other matters related to the depositions, *see* Dkt. Nos. 141 and 146. At issue are Defendant's requests that the Court permit Rule 15 depositions for the following witnesses: (1) Debra Reid; (2) Silvia Schuetz; (3) Patricia Morcombe; (4) Captain Wiert Tideman; and (5) Captain Mark McDonald.[1] The Court conducted a hearing on the matter on January 5, 2018, during which the United States did not oppose Defendant's requests for the Rule 15 depositions but rather asserted that all of the witnesses should be sworn in under both the United States' oath as well as the oath of the witnesses' country of residence. Subsequently, on January 8, 2018, the Court conducted an *in camera, ex parte* hearing, during which Defendant's attorney detailed the subject matter of the anticipated testimony for each prospective Rule 15 witness. Finally, the Court conducted another hearing on January 10, 2018, to address the costs and other matters related to the proposed Rule 15 depositions.

---

[1] The Court previously authorized the Rule 15 deposition of Dr. Margaret Morrison-Cash to be taken remotely, *see* Dkt. No. 117, and the parties agree that the deposition will be conducted remotely by video conference.

Upon careful consideration of the issue, the Court is satisfied that the testimony of Debra Reid, Silvia Schuetz, and Patricia Morcombe is necessary for an adequate defense, in that their testimony could provide substantial proof of a material fact. Thus, the Court finds that exceptional circumstances and the interest of justice warrant the preservation of their testimony because a substantial likelihood exists that none of them will attend the trial or appear for a deposition in the United States. Accordingly, Defendant's request to travel to England to take the Rule 15 depositions of Debra Reid, Silvia Schuetz, and Patricia Morcombe is appropriate.

However, as to Captain Wiert Tideman and Captain Mark McDonald, the Court finds that their anticipated testimony is, at best, cumulative. During the January 8, 2018 hearing, Defendant's attorney proffered, in sum, that Captains Tideman and McDonald would testify about statements made to them by Defendant's daughter. The Court finds that both Captain Tideman's and Captain McDonald's testimony would not provide *substantial* proof of a material fact. Rather, given that Defendant intends to call a number of other witnesses to testify about similar statements made by Defendant's daughter relating to alleged abusive behavior, Captains Tideman's and McDonald's testimony would simply prove cumulative. Further, given that any alleged statements made by Defendant's daughter to Captain McDonald would have occurred after Defendant removed her from the United States, such statements would have no relevance to Defendant's alleged state of mind (*i.e.* his alleged reasonable belief that his daughter was being abused) during the relevant time period (*i.e.* prior to him removing her from the United States).[2] As such, the Court finds that exceptional circumstances and the interest of justice do no warrant a Rule 15 deposition to preserve the testimony

---

[2] Captains Tideman's and McDonald's testimony could have some relevance regarding the credibility of Defendant's daughter, but, again, such testimony would be highly cumulative given the other defense witnesses who will testify about similar statements allegedly made by Defendant's daughter.

of either Captain Tideman or Captain McDonald.

As for the United States' request that the Rule 15 witnesses be sworn in under multiple oaths, the Court finds, in these circumstances, such an additional procedural request unnecessary. During the January 5, 2018 hearing, the United States originally requested two oaths be administered because of a concern about the ability to determine the identity and reliability of each of the Rule 15 witnesses. However, during the January 10, 2018 hearing, the United States informed the Court that it would travel to England to participate in the Rule 15 depositions. Thus, given the United States' presence for the Rule 15 depositions in England, the United States' original concerns are diminished. Further, the United States does not cite to any authority mandating such an additional procedural requirement in order for a Rule 15 deposition to occur outside the United States. Rather, Rule 15(e) of the Federal Rules of Criminal Procedure allows the depositions to be taken in the same manner as a deposition in a civil case. The Federal Rules of Civil Procedure provide that a "deposition must be conducted before an officer appointed or designated under Rule 28" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(b)(5)(A). Federal Rule of Civil Procedure 28 in turn provides that a deposition in a foreign country may be taken "before a person authorized to administer oaths either by federal law or by the law in the place of the examination." Fed. R. Civ. P. 28(b)(1)©. Here, the Court finds no need to require any further safeguards than those already proscribed by the Rules. For the Rule 15 depositions of Debra Reid, Silvia Schuetz, Patricia Morcombe, Defendant therefore need only ensure that the person who administers the oath be a person authorized to administer an oath in England.

Accordingly, Defendant's Unopposed Motion to Travel and Conduct Rule 15 Depositions to Perpetuate the Testimony of Defense Witnesses in the United Kingdom, United Arab Emirates and Australia (Dkt. No. 134) is **GRANTED IN PART** to the extent that Defendant's attorney is

authorized to travel to England to take the Rule 15 depositions of Debra Reid, Silvia Schuetz, and Patricia Morcombe, but the Motion is otherwise **DENIED** in all other parts.

**DONE AND ORDERED** in Tampa, Florida, on January 16, 2018.

ANTHONY E. PORCELLI
UNITED STATES MAGISTRATE JUDGE