UNITED STATES OF AMERICA

v.                                                      Case No.: 8:16-CR-00295-MSS-AEP

ANDREW MORCOMBE

_____/

## SENTENCING MEMORANDUM AND MOTION FOR IMPOSITION OF A REASONABLE SENTENCE

Despite the jury verdict, defendant maintains that his actions were taken based on his concerns for the safety of his daughter. However, for purposes of the upcoming sentencing hearing, defendant has no objections to the facts set forth in the presentence report, not to the guideline calculations.

A sentence of time served, followed by a reasonable period of supervised release, would accomplish need to provide just punishment and protect the public, would be a punishment sufficient, but not greater than necessary, to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The following considerations support a sentence of time served followed by supervised release:

1. To allow the family court to consider fashioning supervised visitation with defendant's minor daughter and to address any custody or visitation issues

hopefully with the assistance of a guardian ad litem and other professionals.

2. In recognition of defendant's significant deeds on behalf of the United States while serving in the United States Air Force.

3. Defendant's ability to resume legitimate employment.

## I.     **The 18 U.S.C. § 3553(a) Factors**

The proposed guideline prison sentence is greater than necessary. In *Gall v. United States*, 522 U.S. 38, 128 S.Ct. 586, 594 (2007), the Supreme Court held that district courts are not required to make a finding of extraordinary circumstances in order to impose a sentence below the Guidelines recommendation. Instead, the Guidelines, "as a matter of administration and to secure nationwide consistency[,] … should be the starting point and the initial benchmark," but they are not the only consideration in sentencing. *Id.* at 596.

After properly calculating the Guidelines range, the district court must then make an individual assessment of the case and consider each of the factors set forth in 18 U.S.C. § 3553(a) before deciding upon a sentence. *Gall v. United States*, 522 U.S. 38, 128 S.Ct. at 596-97. Those factors include:

(1) the nature and circumstance of the offense;
(2) the history and characteristics of the defendant;

(3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

(4) the need to protect the public; and

(5) the Guidelines range, as well as

(6) the kinds of sentences available;

(7) the need to avoid sentencing disparities among similar defendants who have been found guilty; and

(8) the need to provide restitution to victims of the offense.

*United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006) (citations omitted); *see also United States v. Talley*, 431 F.3d 784 (11th Cir. 2005). The Guidelines range is thus only one of many factors that courts must consider in determining a reasonable sentence. *Id.; Gall*, 128 S.Ct. at 597, n.6.

As such, a consideration of the various 18 U.S.C. § 3553(a) factors applicable in the instant case, including the defendant's unique history and characteristics, the need for the sentence imposed, and the need to provide just punishment and protect the public, all establish that a sentence below the applicable Guidelines range would be a punishment sufficient, but not greater than necessary, to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

II.     **A Variance Below the Proposed Guideline Sentence to Time Served is Warranted**

**Relationship with Minor Daughter**

Defendant wants to be able to continue to have a relationship with his minor daughter and would respectfully propose that she also want to have a relationship

with her father to the extent that the family court will allow such a relationship. Once defendant is released from custody and placed on supervised release, the family courts with the assistance of a guardian ad litem as well as other professionals can properly evaluate visitation and custody issues in this matter.

Defendant strongly opposes and disagrees with the government's position set forth in their sentencing memorandum, proposing that everything he ever filed with the family courts was a fraud and an attempt to interfere with his former wife's child custody rights. To the contrary, the concerns raised, were legitimate concerns that were primarily raised for the purposes of protecting his minor daughter.

### Service in the Air Force

Major Andrew Morcome was Honorably Discharged from the United States Air Force after 28 years. His service, both in and out of combat did not go unnoticed by his superior officers as reflected in in their reports previously provided to US Probation as well as the United States Attorney's Office. As a result of his leadership abilities as well as his trusted skills as a pilot, he was tasked on several occasions to be in a leadership position in protecting the safety of the President of the United States and other foreign dignitaries on behalf of the United States.

His good deeds on behalf of the United States while serving in the United States Air Force have been recognized through glowing reports of superiors as

indicated above, and also by being presented with twenty awards, many combat related, including, but not limited to:

1. Meritorious Service Medal
2. Air Medal, and
3. Global War on Terrorism Service Medal.

The unfounded allegations made by Lt. Col. Brett M. Buras and submitted to the court for its consideration at sentencing by the US Attorney's office should be disregarded. These false allegations were investigated by the Air Force Office of Special Investigation "OSI" and determined to be unfounded. Sadly, the government is willing to submit these unfounded allegations despite the accuser's acknowledgment within the same documents that OSI decided that the allegations were unfounded.

### Employment Upon Release from Custody

While it is uncertain at this time whether defendant will be able to resume employment as a pilot, he will nevertheless be able to be gainfully employed as reflected in the presentence report.

## CONCLUSION

Based on the foregoing, Mr. Morcombe respectfully requests that this Honorable Court impose a sentence of time served, pursuant to the factors set forth in 18 U.S.C. §3553(a).

Respectfully Submitted,

s/ *Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
BRUNVAND WISE, P.A.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 23, 2018, I electronically filed the following with Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ *Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: bjorn@acquitter.com
Florida Bar # 0831077
Counsel for Defendant